## C. I. Campbell v. B. J. Headen.

1.  AGISTERS—*Liens for Keeping Domestic Animals.*—Persons keeping domestic animals have a lien upon such animals for the proper charges due for such keeping, etc.

2.  WAIVER—*Of Publishing Estray Notices.*—A person interested in the publication of an estray notice in accordance with the statute relating to estrays, may waive the same and estop himself from raising the question in a suit concerning the title to such animal.

Replevin.—Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the

Campbell v. Headen.

November term, 1899.   Affirmed.   Opinion filed February 27.   Rehearing denied May 17, 1900.

MR. JUSTICE HARKER delivered the opinion of the court.

This was a suit in replevin commenced before a justice of the peace to recover possession of a horse taken from the pasture of appellee by appellant without leave. Appellee was successful in his suit before the justice and also on appellant's appeal, in the Circuit Court.

It appears from the record that the horse in question had been the property of one Sidney Simmons, the father-in-law of appellant; that sometime in September or October, 1896, Simmons gave the horse to appellant's wife, by whom it was taken to appellant's home, some eleven miles distant; that it escaped from appellant's premises on the first night after being brought there and wandered to the farm of appellee, where it was taken up by appellee's son and turned into a pasture. Appellant and his wife, thinking the animal had returned to Simmons, made but little inquiry about it and did not learn that it had been taken up by appellee's son for about three months. The horse was taken up and turned into appellee's pasture within a few days after it had escaped from appellant's premises and was taken up because it was annoying appellee's son by getting into the yard. The fact came to the knowledge of Simmons in about two weeks thereafter, who sent word to appellee's son by a neighbor of the latter that the horse was his and not to advertise it as he would come and take it away. Simmons did not take it away, however, and the horse remained upon appellee's premises for nearly two years when it was taken from appellee's pasture by appellant without the consent or knowledge of appellee.

It is clear to our minds that appellee had a lien upon the horse for feed, and that appellant was not entitled to its possession until after its feed had been paid for. Appellant bases the claim of his wife to possession upon the fact that appellee did not advertise in accordance with the statute relative to " Estrays." The animal was not advertised for the reason that the man who had raised it and in whose

possession it had always been, sent word to appellee's son that the horse was his and not to advertise it. Appellee's son must, as far as this case is concerned, be regarded as the agent of his father. Under the circumstances he was entirely justified in not advertising. Appellant was apprised of appellee's claim for feed and pasturage within a few months after Simmons had sent word not to advertise. He threatened to replevy, but instead of doing so allowed the horse to be fed and cared for by appellee more than a year longer, and then instead of resorting to legal measures to assert the right of his wife he forcibly and as a trespasser obtained possession of the horse. In this view of the case a discussion of the instructions and other points urged upon our attention is unnecessary. Substantial justice has been done and the judgment should be affirmed.